**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RUSSELL HESTER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STOUT MANAGEMENT, D/B/A CORONADO BAY CLUB, *et al.*<br><br>　　　　　Defendants. | Case No. 2:20-cv-02105-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1); MOTION TO DISMISS (ECF No. 9) |

Before the Court are pro se plaintiff Russell Hester's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Also before the Court is Defendant Stout Management's motion to dismiss (ECF No. 9). Hester's (1) in forma pauperis application is granted; and (2) his complaint is dismissed without prejudice with leave to amend. Since the Court dismisses Hester's complaint, it denies Stout Management's motion to dismiss (ECF No. 9) without prejudice as moot.

**DISCUSSION**

Hester's filings present two questions: (1) whether Hester may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Hester's complaint states a plausible claim for relief.

**I.　Whether Hester May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a

declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages or assets, that he collects about $1,876 in unemployment benefits, and he has about $200 in savings. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II.     Whether Hester's Complaint States a Plausible Claim

### a. Legal Standard

Because the Court grants Hester's application to proceed *in forma pauperis*, it must review Hester's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Plaintiff's Complaints and the Court's Consolidation

Hester filed two complaints in this Court related to his eviction: The Court consolidated those cases. (ECF No. 12). The Court thus screens both of plaintiff's complaints below.

Hester's first complaint (ECF No. 1-1, filed initially at 2:20-cv-02105-APG-VCF, referred to herein as "*Hester I*") is styled as a 42 U.S.C.S. Section 1983 complaint. Hester alleges that his landlord evicted him and the sheriff locked him out of his home without giving him proper notice of the eviction in violation of an order issued by the Centers for Disease Control and Prevention entitled Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19. 85 Fed. Reg. 55,292 (Sept. 4, 2020) ("CDC Order"). The CDC Order temporarily halts residential evictions of covered persons for nonpayment of rent from the effective date of September 4, 2020 through December 31, 2020. *Id*. at 55,293. On the face of the complaint in Hester I, Hester has not stated a plausible Section 1983 claim because his landlord is not a state actor. In Hester's second complaint (initially filed at ECF No. 1-3, 2:20-cv-02158-JAD-EJY, referred to herein as "Hester II"), Hester brings additional Section 1983 claims related to the same eviction but this time against defendant the Clark County Sheriff's Unit related to the sheriff locking him out of his home.

Both Hester's complaints suggest that there was an underlying eviction action (that he alleges he had no notice of) in state court. Hester appears to be asserting his potential defenses to that eviction (that he is protected from the eviction by the CDC Order) in this Court, rather than appealing the underlying eviction action or seeking to have the eviction set aside. Since plaintiff's damages are all related to that eviction proceeding, this Court cannot review the result of that case. See *Rooker v. Fid. Tr. Co*., 263 U.S. 413, 414, 44 S. Ct. 149, 149 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983) (Federal courts do not have jurisdiction to sit in direct review of state court decisions or procedures.)

Since plaintiff is pro se, it will give him one opportunity to amend his complaint. If the plaintiff decides to amend his complaint, he must file a single complaint, with 2:20-cv-02105-APG-VCF listed as the docket number, that addresses all his claims against both defendants related to the eviction. He must also allege how this Court has jurisdiction to review the underlying state court action.

### c. Motion to Dismiss

Defendant Stout Management filed a motion to dismiss. Since the Court dismisses Hester's complaint without prejudice and plaintiff has not yet passed the screening phase. The Court denies Stout Management's motion to dismiss without prejudice as moot.

ACCORDINGLY,

IT IS ORDERED that Hester's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must file both Complaints in Hester I and Hester II (ECF Nos. 1-1).

IT IS FURTHER ORDERED that Hester's complaints (ECF Nos. 1-1) are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Hester has until Monday, January 18, 2021, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that the dismissed claims be dismissed with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that Stout Management's motion to dismiss (ECF No. 9) is DENIED without prejudice as moot.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 18th day of December 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE